UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**MANETIRONY CLERVRAIN**                                                           **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 3:21-cv-400-BJB**

**ALISON LUNDERGAN GRIMES et al.**                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* action initiated by Plaintiff Manetirony Clervrain. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, the Court grants Plaintiff's application (DN 5).

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (similar). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and "claims of infringement of a legal interest which clearly does not exist," including claims that lack an arguable or rational basis or describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28.

In addition, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). "Conclusory allegations" or bare legal conclusions "will not suffice" as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) (citing *Twombly*, 550 U.S. at 555).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty "does not require [courts] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff, *see Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff" and "would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff initiated this action by filing an 18-page type-written complaint titled "Motion for ['Prompt Notices(s)'] or ['Their Expertise Act'] ('TEA'), or Opinion(s) by the National Issues Regulatory Treaties Act ('NIRTA')." *See* Complaint (DN 1) at 1 (brackets in original). The original complaint has 260 pages of attachments. Plaintiff also filed an amended complaint on a court-supplied form (DN 4). He names former Kentucky Secretary of State Alison Lundergan Grimes, Senator Mitch McConnell, Andre Matevousian, and Angela Solomon as Defendants.

Plaintiff's complaint and amended complaint appear to be almost completely devoid of factual allegations. Plaintiff refers to himself as the "The Activist," "The ANT," "Deportable Alien" and lists numerous federal and state agencies including the Board of Immigration Appeals, the National Institute of Correction, the Social Security Administration, the Internal Revenue Service, the United States Navy, and the Federal Election Committee. In response to a question in the complaint form asking "What are the facts underlying your claim(s)?", Plaintiff writes:

> The above defendants failed to ratify the ("INA") for that reason they are liable for Ratification theory, or for the Enactment of the Ratification Punitive Act (RPA) by this court ["18-CV-03039-SAC"] as the plaintiff provided various fact under this circumstances or exceptional cases will prove what Happened ?  who did the violations, and those above individuals are also involved if they failed to informed the public about the consequences of the laws.

Amended Complaint at 4 (brackets in original).

Plaintiff has filed numerous cases in federal courts around the country, including two other cases in this Court. *See Clervrain v. Grimes*, No. 3:21-CV-393-CHB, 2021 WL 3284798, at *2 (W.D. Ky. July 30, 2021) (and cases cited therein); *Clervrain v. Grimes*, No. 3:21-CV-394-GNS, 2021 WL 3356332, at *1 (W.D. Ky. Aug. 2, 2021) (same). This Court, as in the other two decisions cited above, finds that the words in the complaint often do not form coherent

sentences, convey clear thoughts, or contain discernable facts or claims. "As other courts have stated, Plaintiff's complaints contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief." *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020) (internal quotation marks and citations omitted).

      This Court, too, is unable to decipher Plaintiff's pleadings and will therefore dismiss this action by separate Order as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to comply with the notice-pleading requirements of Fed. R. Civ. P. 8(a). *See, e.g., Parker v. Parker Int'l/Parker Tobacco Co.*, 1990 WL 63523, at *1 (6th Cir. 1990) (affirming district court's dismissal because "Plaintiff's complaint presented a variety of incoherent claims and violated the short and plain statement requirement of Fed. R. Civ. P. 8.").

Date: September 8, 2021

Benjamin Beaton, District Judge
United States District Court

cc:    Plaintiff, *pro se*
B213.009